UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

JUDGE SULLIVAN

07 CV 10354

------------------------------------------------------------X

CARLOS CAPA,

                 Plaintiff,

- Against -

STEVEN BROADY,

                 Defendant.

------------------------------------------------------------X

Civil Action No.:

**NOTICE OF REMOVAL**

[Stamp: NOV 15 2007 U.S.D.C. S.D.N.Y. CASHIERS]

TO:    The Honorable Judges of the
         United States District Court
         For the Southern District of New York

       Petitioner-Defendant, STEVEN BROADY (hereinafter "Broady"), by and through his attorneys, Morgan Melhuish Abrutyn, 39 Broadway, 35th Floor, New York, New York 10006, respectfully shows that:

       1.    Broady is a defendant in the above-entitled action commenced by the above-named plaintiff in the Supreme Court of New York, Bronx County (Index Number 301655/07). A copy of the Complaint of which Petitioner-Defendant has had notice of is attached hereto. These constitute all process, pleadings, and orders of which Petitioner-Defendant has had notice.

       2.    Said action is a suit of a civil nature and the amount involved, exclusive of interest and costs, exceeds the sum of $75,000.

       3.    The United States District Court has original jurisdiction over the subject matter of said civil action under 28 U.S.C. Section 1332(a) in that it is an action wherein the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs and there is complete

diversity of citizenship between the plaintiff and defendant and defendant is not a citizen of the State of New York:

(a) Plaintiff, CARLOS CAPA, is now, and was at the time of the commencement of this action, residing at 153 Husson Avenue, Borough of Bronx, County of Bronx, State of New York, and by virtue of these facts, was and is a citizen of the State of New York; and

(b) Defendant, BROADY, is now, and was at the time of the commencement of this action, residing at 5 Buttonwood Drive, Town of Long Valley, County of Morris, State of New Jersey, and by virtue of these facts, was and is a citizen of the State of New Jersey; and

4. Said action is one of which the District Court of the United States is given original jurisdiction.

5. This Notice is being filed within 30 days after notice of the Complaint to Petitioner-Defendant which took place on October 23, 2007 by receipt of the Summons and Complaint and the time for filing this Notice under 28 U.S.C. Section 1446 has not expired.

6. Upon the filing of this Notice, Petitioner-Defendant will give written notice thereof to Plaintiff's attorney and will file copies of this Notice with the Clerk of the Supreme Court, Bronx County, as provided by law.

7. There is attached hereto a true and correct copy of all process and pleadings of which Petitioner-Defendant has had notice in said action.

**WHEREFORE**, Petitioner-Defendant prays that this case be removed from the Supreme Court of New York, Bronx County, to this Court and proceed in this Court as an action properly removed thereto.

Dated: November 14, 2007

**MORGAN MELHUISH ABRUTYN**

BY: _____
JOSEPH DeDONATO [JD 7319]
39 Broadway, 35th Floor
New York, New York 10006
(212) 809-1111
Attorneys for Petitioner-Defendant
STEVEN BROADY

463063

TOA 8058147  RECEIVED  NYSP 53266

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------X  07 OCT 10 AM 11:43

CARLOS CAPA,                                                COUNTY CLERK  Index No. 301655/07
                                                            BRONX COUNTY
                          Plaintiff,              Filed: Oct. 10, 2007
                                                            Plaintiff designates

          -against-                                      COUNTY OF BRONX
                                                            as the place
                                                            of trial.

                                                            The basis of venue
                                                            is Plaintiffs'
STEVEN BRAODY,                                              Residence

                                                            SUMMONS
                        Defendant.              Plaintiff resides at
                                                            153 Husson Avenue
---------------------------------------------------------X  Bronx, NY 10473
To the above named Defendants

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days from the date of service of this summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       September 24, 2007

                                   MARSHALL S. BLUTH, ESQ.
                                   Attorney for Plaintiff
                                   61 Broadway, Suite 2020
                                   New York, New York 10006
                                   212-448-1130

DEFENDANTS' ADDRESS:

STEVEN BROADY
5 Buttonwood Drive
Long Valley, NJ 07853

RECEIVED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X  07 OCT 10 AM 11:43

CARLOS CAPA,                                COUNTY CLERK
                                            BRONX COUNTY  Index No. 301655/07
                    Plaintiff,              VERIFIED
                                            COMPLAINT
        -against-

STEVEN BROADY,

                    Defendant.
----------------------------------------X

Plaintiff, by his attorney, MARSHALL S. BLUTH, ESQ., complaining of the defendant herein, respectfully sets forth and alleges, upon information and belief, as follows:

1. That at all times herein mentioned, the plaintiff was and still is a resident of the County of Bronx, City and State of New York.

2. That at all times herein mentioned, the defendant, STEVEN BROADY, (hereafter "BROADY") was the owner and operator of a motor vehicle bearing New Jersey state registration number PNF21N.

3. That at all times herein mentioned, the plaintiff, CARLOS CAPA, was the operator of a motor vehicle bearing New York state registration number 7B13B, with the permission and consent of the owner.

4. That at all times herein mentioned, Avenue of the Americas, at or about the intersection of West 14th Street, in the County of New York, City and State of New York, was and still is a public thoroughfare and highway located in the County of New York, City and State of New York.

5. That on or about the 27th day of December 2006, on Avenue of the Americas, at or about the intersection of West 14th Street in the County of New York, City and State of New York, the said motor vehicle bearing New Jersey state registration number PNF 21N, owned and operated by defendant, BROADY, and the said motor vehicle bearing New York State

registration number 7B13B, operated by plaintiff, CARLOS CAPA, were in collision with each other.

6. That the defendant was negligent in that he failed to keep his vehicle under proper and safe control; in that he operated said vehicle at an improper speed under the existing traffic conditions; in that he suddenly, and without warning, collided with plaintiff's vehicle; in proceeding at a high rate of speed under the existing circumstances; in failing to give the right of way; in failing to make proper use of braking mechanisms; in failing to make proper use of steering mechanisms; in failing to keep a proper lookout; in failing to take steps to avoid the occurrence; and defendant was otherwise negligent, careless, and reckless in the premises.

7. That by reason of the foregoing, the plaintiff, CARLOS CAPA sustained grievous personal injuries to various parts of his body and limbs; suffered shock to his nerves and nervous system; suffered and will continue to suffer great pain and anguish in body and mind; that he has received necessary hospital care by reason of the injuries sustained; that he has necessarily received, is receiving and will continue to receive medical care and treatment in connection with the injuries suffered by him, and in connection with which expenses have, are and will continue to be incurred; that he has been greatly incapacitated and has been unable to attend to his usual duties as he had theretofore done, and his injuries are permanent, protracted and disabling in nature.

8. That as the result of the foregoing, the plaintiff suffered a "serious injury" as defined by §5102, Subd. (d) of the Insurance Law of the State of New York.

9. That by reason thereof, the plaintiff is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of "basic economic loss" as set forth in §5102, Subd.(a) of the Insurance Law of the State of New York.

10. That the plaintiff is a "covered person" as defined in §5102 (j) of the Insurance Law of the State of New York.

11. That by reason of the foregoing, the plaintiff CARLOS CAPA, has been caused to suffer damages in a sum greater than the jurisdictional limits of all other courts that would otherwise have jurisdiction hereof.

WHEREFORE, the plaintiff demands judgment against the defendants in a sum greater than the jurisdictional limits of all other courts that would otherwise have jurisdiction hereof, together with the costs and disbursements of this action.

Yours, etc.,

MARSHALL S. BLUTH, ESQ.
Attorney for Plaintiffs
61 Broadway, Suite 2020
New York, New York 10006
212-448-1130

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
CARLOS CAPA,

                      Plaintiff,                         Civil Action No.:

                                                              **ANSWER AND JURY DEMAND**

      - Against -

STEVEN BROADY,

                      Defendant.
-----------------------------------------------------------------X

      The defendant, STEVEN BROADY, by way of Answer to the plaintiff's Complaint says:

### ANSWERING THE FIRST CAUSE OF ACTION

1.      The defendant admits paragraphs 1, 2, 3 and 4.

2.      The defendant denies paragraphs 5, 6, 7, 8, 9, 10 and 11.

### FIRST AFFIRMATIVE DEFENSE

    That if plaintiff sustained the injuries and damages alleged in the complaint, same were wholly or in part caused by the culpable conduct of plaintiff and defendant is entitled to judgment dismissing the complaint herein or in the alternative, the defendant is entitled to judgment assessing and fixing the culpable conduct of plaintiff contributing to said injuries and damages.

### SECOND AFFIRMATIVE DEFENSE

    The incident which forms the basis of this litigation and which allegedly caused injuries and damages to the claimant was proximately caused or contributed to by the fault of third persons not parties to this litigation. The responsibility of the party filing this answer and the

right of the claimant to recover in this litigation can only be determined after the percentages of responsibility of all parties to the incident are determined whether or not they are parties of this litigation. Accordingly, this party seeks an adjudication of the percentage of fault of the claimant and each and every person whose fault contributed to the incident.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to sustain a serious injury under the pertinent provisions of the New York Insurance Law.

### FOURTH AFFIRMATIVE DEFENSE

The defendant denies liability, however, insofar as any collateral source payment may be made to plaintiff, defendant is entitled to the benefits of CPLR §4545 with reference to such payments.

### FIFTH AFFIRMATIVE DEFENSE

The defendant denies liability but asserts that should any liability be established, plaintiff's damages shall be diminished in accordance with the provisions of CPLR §1411, 1412, and 1413.

### SIXTH AFFIRMATIVE DEFENSE

The defendant denies liability but if defendant is found to be liable, defendant asserts it is entitled to the provision of limited liability and joint liability as set forth in CPLR §1600, 1601.

### SEVENTH AFFIRMATIVE DEFENSE

The claimant assumed the risk and was fully cognizant of any and all circumstances surrounding the alleged incident.

### EIGHTH AFFIRMATION DEFENSE

Plaintiff's damages are reduced and/or denied by his failure to use an operable seat belt.

**WHEREFORE**, defendant demands judgment dismissing the Complaint herein as to said defendant, or diminishing the damages recoverable by plaintiff herein in proportion with the culpable conduct contributed by plaintiff, together with the costs and disbursements of this action.

### JURY DEMAND

Defendant demands a jury trial on all issues.

Dated: November 14, 2007        **MORGAN MELHUISH ABRUTYN**

BY: _____
JOSEPH DeDONATO [JD 7319]
39 Broadway, 35th Floor
New York, New York 10006
(212) 809-1111
Attorneys for Petitioner-Defendant
STEVEN BROADY

463171